IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CR-103 |
| ) | (JORDAN/SHIRLEY) |
| JUAN M. MOULDEN and ) | |
| VICTOR E. MOORE, ) | |
| also know as "DANGO," ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on October 19, 2005 for a hearing on Defendant Moore's Motion to Continue Motion Filing Date and Trial Date [Doc. 18], filed on October 9, 2005. Assistant United States Attorney Michael Winck appeared on behalf of the government. Defendant Moore was present along with his counsel, Attorney Boyd Venable. Attorney Stephen Ross Johnson on appeared on behalf of Defendant Moulden, who was also present.

In his motion, Defendant Moore requests that the November 15, 2005 trial date be postponed in order to allow him to care for his mother following her eye surgery in early November. He states that he is her only relative and that the terms of his pretrial release will permit him to care for her. Additionally, defense counsel contends that he has not been able to review discovery provided on compact disc because the discs do not work. Noting his recent entry into the case on September 27, 2005, he requests additional time to review discovery, prepare pretrial motions, for the Court to hear

1

and rule upon those motions, and to prepare for trial. In this regard, he asks that the trial date be continued sixty days. Both the government [Doc. 20] and Defendant Moulden [Doc. 21] have responded that they do not object to the requested continuance.

At the hearing, defense counsel for Defendant Moore stated that he had discussed Defendant Moore's speedy trial rights with the defendant and that the defendant did not object to the requested continuance. Mr. Venable also stated that arrangements had been made to resolve his problem with the compact discs. The Court questioned Mr. Moore, who agreed that a continuance of the trial was in his best interest. Attorney Johnson informed the Court that he had also discussed Defendant Moulden's speedy trial rights with him and that his client did not oppose the continuance. Defendant Moulden acknowledged this as well. All parties agreed that all time between the hearing date and the new trial date would be fully excludable time under the Speedy Trial Act.

The Court finds Defendant Moore's motion to continue the trial and other deadlines to be well taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). With regard to Defendant Moore, the Court notes that it recently substituted new counsel due to an actual conflict of interest of his prior attorney. Moore's new attorney needs time to review discovery, which all parties acknowledge is voluminous, and to prepare any pretrial motions for the defendant. See 18 U.S.C. § 3161(h)(1)(F). If any pretrial motions are filed, the Court will need time to hear and rule upon them. See 18 U.S.C. § 3161(h)(1)(J). Finally, the parties will need time to prepare for trial in light of these rulings. The Court finds that all of this cannot take place in less than sixty days, even taking into account the parties' exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court also notes that Defendant Moore, by and through counsel, agreed that

2

Case 3:05-cr-00103-RLJ-CCS   Document 23   Filed 10/19/05   Page 2 of 4   PageID #: 16

the continuance was in his best interest. See 18 U.S.C. § 3161(h)(8)(A).

With regard to Defendant Moulden, the Court observes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). The Court notes that Defendant Moulden has not moved for a severance from Defendant Moore, and, thus, any delay attributable to Defendant Moore is presently excludable as to Defendant Moulden as long as it is reasonable. See 18 U.S.C. § 3161(h)(7). The Court finds that the sixty-day delay in the trial is not unreasonable given that it is not extensive, that Defendant Moulden does not object, and that it is necessary for Defendant Moore to have the reasonable time needed to prepare for trial as discussed above. See 18 U.S.C. § 3161(h)(7).

Thus, Defendant Moore's Motion to Continue Motion Filing Date and Trial Date [**Doc. 18**] is **GRANTED**. The Court has reset the trial to **January 17, 2006**. Additionally, the Court finds and the parties agreed that all time from the October 19 hearing date to the new trial date of January 17, 2006, is fully excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)F), (J); -(7); -(8)(A)-(B). With regard to other scheduling, the motion-filing date is extended to November 2, 2005. Responses are due on or before November 16, 2005. The parties are to appear before the undersigned for a pretrial conference on December 1, 2005, at 2:30 p.m..

Accordingly, it is **ORDERED:**

(1) Defendant Moore's Motion to Continue Motion Filing Date and Trial Date [**Doc. 18**] is **GRANTED**;

(2) The trial of this case will commence at **9:00 a.m., on January 17, 2006**, before the Honorable Leon Jordan, United States District Judge;

(3) All time between the **October 19, 2005** hearing on the continuance and the new trial date of **January 17, 2006**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(4) Any pretrial motions must be filed by **November 2, 2005**;

(5) Responses are due by **November 16, 2005**; and

(6) A pretrial conference is scheduled for **December 1, 2005, at 2:30 p.m.**

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge